IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-20764

ALBERT L HARDEMON, JR

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2015

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

BENAVIDES, Circuit Judge:

Appellant Albert L. Hardemon, Jr., proceeding pro se, appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. The district court found that Hardemon's petition was an unauthorized successive petition. As a matter of first impression, we address whether the prohibition against successive § 2254 petitions requires a prisoner to challenge all judgments from a single court in a single habeas petition. We find that Hardemon was not required to challenge his multiple judgments in a single petition. Accordingly, we hold that Hardemon's petition is not successive and the judgment of the court below is REVERSED and REMANDED.

## I. BACKGROUND

Hardemon was charged in separate indictments with sexual assault of a child (Cause Number 809996) and two counts of aggravated sexual assault of a child (Cause Numbers 809997 and 809998). The counts were consolidated for trial, and Hardemon was found guilty on all three counts. Hardemon received concurrent sentences of forty years in prison for Cause Numbers 809997 and 809998 and a consecutive twenty-year sentence for Cause Number 809996. The state appellate court affirmed the convictions and the Texas Court of Criminal Appeals ("TCCA") refused Hardemon's petition for discretionary review. Hardeman v. State, 2002 WL 1765283, at *4 (Tex. App. July 31, 2002) (unpublished).

Hardemon filed three post-conviction habeas applications in state trial court–one for each conviction–challenging his attorney's effectiveness regarding the petition for discretionary review. The TCCA denied each application. Hardemon then filed three new applications in state trial court, each challenging a separate conviction. In Cause Numbers 809997 and 809998, Hardemon argued that: the evidence was factually insufficient to support his convictions; trial and appellate counsel rendered ineffective assistance; and the prosecutor improperly questioned a witness and made an improper closing argument. In Cause Number 809996, Hardemon asserted that trial counsel rendered ineffective assistance and the trial court erred in ordering this sentence to run consecutively with the other sentences. The trial court recommended that relief be denied on various grounds, and the TCCA denied all relief.

While his second round of state applications was pending, Hardemon filed a 28 U.S.C. § 2254 petition in federal district court challenging his conviction in Cause Number 809996. The district court dismissed the application without prejudice because the claim was not exhausted.

Hardemon v. Dretke, No. 4:04-CV-03510 (S.D. Tex. Sept. 16, 2004) (unpublished). In 2005, after the claim was exhausted, Hardemon filed a second § 2254 petition, again challenging his conviction in Cause Number 809996. The district court denied relief on the merits. Hardemon v. Dretke, No. 4:05-CV-02597 (S.D. Tex. June 5, 2006) (unpublished).

On or about June 6, 2006, Hardemon filed the instant § 2254 petition challenging his conviction in Cause Number 809997. He raised the same claims he presented in his second state application challenging this conviction. The district court sua sponte dismissed Hardemon's case as an unauthorized successive § 2254 petition, concluding that it lacked jurisdiction because Hardemon had not previously received permission from this Court to file his petition. The district court reasoned that, under former Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("the Rules"), Hardemon was required to raise all relevant claims arising from any of the judgments of a single state court in his previous § 2254 petition.

Hardemon filed a timely notice of appeal. We granted Hardemon a certificate of appealability on the question of whether his current petition was successive. Appellee was ordered "to provide this court with information regarding whether Hardemon's state court convictions . . . were resolved in a single judgment, thus rendering Rule 2(d) inapplicable."

## II. STANDARD OF REVIEW

When reviewing the denial of habeas relief, we review the district court's findings of fact for clear error. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998). We review issues of law de novo. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244, establishes a "gatekeeping mechanism for the

consideration of second or successive" habeas petitions.[1]  Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).  AEDPA, however, does not define the term "second or successive" application.  We have previously held that a petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

Prior to the 2004 amendments to the Rules, Rule 2(d) stated that:

A petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court . . . .  If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody . . . he shall do so by separate petitions.[2]

Despite Hardemon's consolidated trial, it is undisputed that his convictions resulted in separate judgments.  Thus, Appellee concedes that former Rule 2(d) applies to this case.

---

[1] Section 2244(b) provides in part that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2] The current rule, codified as Rule 2(e), states only that challenges to judgments from multiple state courts must be raised in separate petitions.

Appellee argues, however, that Hardemon's petition is successive because: (1) it is undisputed that Hardemon could have raised claims relating to both Cause Numbers 809996 and 809997 in a single petition and (2) it is undisputed that Hardemon knew the basis of his challenges to both convictions at the time he filed his previous federal petition. Hardemon argues that his current petition is not successive because he is challenging a different judgment of conviction than he did in his previous petition.

Appellee argues that our decision in Crone v. Cockrell controls this case. 324 F.3d 833 (5th Cir. 2003). In Crone, we noted that we "look to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive." Id. at 837. Under these principles, "a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition." Id. (internal quotation marks and citation omitted); see also United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000). We held that Crone's petition was successive because he "knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition." Crone, 324 F.3d at 837. This holding aligned with our "strong policy against piecemealing claims." Id.

Appellee's reliance on Crone is misplaced, however, because Crone involved multiple § 2254 petitions attacking a single judgment. In this case, we are confronted with habeas petitions attacking separate judgments from the same court. While Appellee presents a strong policy argument against piecemealing claims, we must base our decision upon the text of AEDPA and the Rules. Where Congress has addressed the issue of habeas petitions regarding multiple judgments from a single court, it has used permissive–not mandatory–language. For example, the Advisory Committee Notes to the 1976 adoption of Rule 2(d) explain that the rule "permits, but does not require, an attack in a single petition on judgments based upon separate

indictments or on separate counts even though sentences were imposed on separate days by the same court."[3] We find this language instructive and agree with the Second Circuit that "to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003); see also Thomas v. Superintendent/Woodbourne Corr. Facility, 136 F.3d 227, 229 (2d Cir. 1997) (in determining whether a petition is successive, "the district court should determine whether . . . the instant petition attacks that same judgment that was attacked in the prior petition.").

We hold that under former Rule 2(d), Hardemon was permitted, but not required, to challenge his separate convictions in a single § 2254 petition. Therefore, Hardemon's petition is not "second or successive" within the meaning of § 2244.

## IV. CONCLUSION

In light of the foregoing, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

[3] Hardemon's sentences were imposed on the same day. Given that Congress has not required a prisoner to attack multiple judgments from a single court in one petition, the timing of Hardemon's sentences does not change our analysis.