[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11658

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00920 CV-VEH-TMP

ANTHONY D. RETIC,

                                             Petitioner-Appellant,

   versus

UNITED STATES OF AMERICA,
THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,
THE WARDEN KENNETH L. JONES,

                                             Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 23, 2009)**

Before EDMONDSON, Chief Judge, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Anthony D. Retic ("Retic"), appeals the denial of his federal habeas petition brought under 28 U.S.C. § 2254. Retic, in fact, filed two amended habeas petitions attacking separate convictions from the Birmingham, Alabama, and Bessemer, Alabama, Divisions of the Jefferson County Circuit Court. Pursuant to Rule 2(e) of the Rules Governing Section 2254 cases, the district court construed the petitions to be part of the same habeas application on the basis that the Birmingham and Bessemer Divisions were part of the same circuit court. Although the district court determined that the judgments were part of the same habeas application, it found that each judgment had its own separate statute of limitations.

The district court granted a certificate of appealability ("COA") on three issues:

(1) Inasmuch as Rule 2(e) of the Rules Governing Section 2254 cases allows multiple "judgments" from the same court to be joined in a single habeas application, are two habeas petitions challenging convictions respectively in the Jefferson County Circuit Court (Birmingham Division) and the Jefferson County Circuit Court (Bessemer Division), deemed to be a single habeas petition attacking multiple judgments of the same court for purposes of Rule 2(e), or are they separate petitions attacking judgments from two different courts?

(2) If the answer to the previous issue is that they are two separate petitions challenging convictions in two separate courts, which of the two petitions filed by petitioner should this court have accepted as the "amended petition" mandated by the court of appeals'[s] prior mandate when both sets of the convictions are interrelated by the alleged breach of a single plea agreement?

(3) If the answer to Issue Number 1 is that the two petitions filed by petitioner are a single petition challenging multiple judgments in the same state court (Jefferson County Circuit Court), does the § 2244(d)(1)(A) one-year limitation run for all judgments from the date the last state judgment became final, or does each state "judgment" have its own one-year limitation, even though they are all joined in a single application?

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court committed no reversible error. Accordingly, we affirm the district court's judgment denying habeas relief.

AFFIRMED.