**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2009

Charles R. Fulbruge III
Clerk

No. 07-50711
Summary Calendar

CARLOS DE LA O

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1031

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos De La O, Texas prisoner # 1111343, appeals the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for four counts of aggravated sexual assault of a child, three counts of sexual assault of a child, and two counts of indecency with a child. The district court granted De La O a certificate of appealability on his claim that the trial court violated his constitutional rights by excluding the testimony of his DNA expert, Dr. Paul Goldstein.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal habeas relief may not be granted upon any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 409 (2000). We review the district court's findings of fact for clear error and rulings on issues of law de novo. *Hardemon v. Quarterman*, 516 F.3d 272, 274 (5th Cir. 2008).

A state court's evidentiary rulings justify the granting of habeas relief only if they violate a specific constitutional right or render the trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). Even if an evidentiary ruling is found to be a constitutional violation, the applicant must show actual prejudice; i.e., that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted). In determining whether an erroneous evidentiary ruling had a substantial and injurious effect on the jury verdict, we consider the following: (1) the importance of the witness's testimony; (2) whether the testimony was cumulative; (3) whether there was evidence corroborating or contradicting the testimony; and (4) the overall strength of the prosecution's case. *Cupit v. Whitley*, 28 F.3d 532, 539 (5th Cir. 1994).

The highest state court to consider this claim ruled that the exclusion of Dr. Goldstein's testimony was erroneous but that De La O was not entitled to relief because he had not shown a substantial and injurious effect on the jury verdict due to the overall strength of the prosecution's case. *De La O v. State*, 127 S.W.3d 799, 803-04 (Tex. App. 2003). The district court denied De La O's claim on the ground that the state court's denial of the claim was not contrary to, or an unreasonable application of, federal law.

Although the record shows that the testimony of Dr. Goldstein was at least somewhat important and that his testimony was not cumulative, "the strength of the prosecution's case is probably the single most important factor in determining whether the error was harmless." *Cupit*, 28 F.3d at 539. The prosecution's case was very strong even in the absence of the DNA evidence. The victim's testimony painted a haunting picture of repeated and escalating sexual abuse committed by De La O. She testified that De La O provided her with gifts, money, cigarettes, alcohol, and marijuana. The victim's testimony was corroborated by photographs showing her and De La O in compromising positions wearing little clothing. One photograph showed them kissing. Other photographs showed the victim smoking and drinking with De La O. De La O's daughter admitted that she told a friend and a school counselor that she thought the victim was De La O's girlfriend, and she admitted that the victim would sleep in De La O's room. De La O's daughter conceded that the victim would pull up her shirt and pull down her pants around De La O, that the victim and De La O would spend time together alone in his room, and that the victim drank alcohol provided by De La O.

Given the strength of the prosecution's case, De La O has not shown that the exclusion of Dr. Goldstein's testimony had a substantial and injurious effect on the jury's verdict. *See id*. at 539-42. De La O has not shown that the state court's finding of harmless error was contrary to, or an unreasonable application of, federal law. *See* § 2254(d).

AFFIRMED.