## In re Milton TROTTER, Movant.

### No. 12–60974.

United States Court of Appeals, Fifth Circuit.

May 16, 2013.

James Alexander Williams, Esq., Meridian, MS, for Movant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Milton Trotter, Mississippi prisoner # 39008, moves for authorization to file a second or successive 28 U.S.C. § 2254 application challenging his 1981 conviction for murder and the resultant life sentence following the district court's transfer of this case to our court under 28 U.S.C. § 1631. Trotter argues that the Mississippi Parole Board breached his plea agreement by refusing to grant him parole when the federal authorities granted parole on his consecutive life sentence for kidnaping. He also contends that he was entitled to parole and to be present at his parole hearing. Trotter maintains that because he was unaware of the breach until he was granted federal parole and denied state parole in 2011, the claims should be allowed to proceed. In addition, Trotter includes an independent assertion that he is actually innocent of the murder.

A successive § 2254 application must be certified by this court to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2). If the movant alleges newly discovered evidence, he must show "that the factual predicate for the claim could not have been discovered previously through the exercise of due dili-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gence" *and* that such facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B).

An application is not successive merely because it follows an earlier application. *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, an application is successive when it raises a claim that was "ripe" at the time the applicant filed his prior application or when the application otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman,* 573 F.3d 214, 220–22 (5th Cir.2009); *United States v. Orozco–Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). A district court has jurisdiction to transfer a case to this court in this context under 28 U.S.C. § 1631 only if it lacks jurisdiction because the application is successive. *Adams v. Thaler,* 679 F.3d 312, 320–22 (5th Cir.2012).

Trotter's challenge to the denial of parole and to defects in the parole proceedings does not constitute a challenge to the underlying murder conviction and was not available at the time he filed his first § 2254 application in 2005. As a result, such assertions are not successive, and he does not need authorization to file a § 2254 application raising such claims. *See Cain,* 137 F.3d at 235–36 (concluding that a prisoner's challenge to a disciplinary proceeding was not successive because it occurred after the resolution of his first § 2254 application challenging the underlying conviction); *cf. Crone v. Cockrell,* 324 F.3d 833, 837 (5th Cir.2003) (finding that a challenge to the calculation of time credits was successive to a prior application challenging the underlying conviction because the factual predicate for the time credits claim was available at the time the earlier application was filed). Accordingly, as to those claims, the 28 U.S.C. § 1631 transfer was not proper, and we lack jurisdiction over those claims.

To the extent, however, that Trotter is asserting that the denial of parole constituted a breach of his plea agreement, this constitutes a challenge to the conviction and was properly transferred under 28 U.S.C. § 1631. However, Trotter has not made a prima facie showing under § 2244(b)(2)(B)(ii) that he is entitled to file a successive application raising this challenge. Moreover, Trotter's actual innocence claim was raised and addressed in his first § 2254 application and must be dismissed. *See* § 2244(b)(1). Accordingly, IT IS ORDERED that the district court's transfer order is AFFIRMED in part, and REVERSED in part; Trotter's motion for leave to file a successive § 2254 application is DISMISSED IN PART and DENIED IN PART. The case is REMANDED to the district court for proceedings consistent herewith.