# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 13-10606

_____

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2014

Lyle W. Cayce
Clerk

In re:  ROBERT PRESTON, JR.,

      Movant

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1995

_____

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM[*]:

Robert Preston, Jr., Texas prisoner # 326915, is currently serving a life sentence for murder and aggravated robbery convictions.  Preston was also previously convicted of robbery by assault with a firearm in 1974 and felony possession of a firearm in 1979.  Beginning in 1989, Preston filed various *pro se* habeas applications under 28 U.S.C § 2254.  Preston's most recent habeas petition, filed in 2012, challenges his 1974 conviction for robbery by assault with a firearm on due process and actual innocence grounds.  On June 7, 2013, the district court transferred the petition to this court as an unauthorized successive § 2254 application, without ruling on the merits or procedural barriers that the government asserts bar Preston's claim.  Preston

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

then filed a motion with this court requesting the transfer of his case back to the district court. The Clerk took no action, explaining that Preston must seek from this court authorization to file a successive § 2254 application. 28 U.S.C. § 2244 (b)(3)(A). Preston thereafter filed a motion that, with the benefit of the liberal construction this court affords filings by *pro se* petitioners, challenges whether his petition is in fact successive.

This court considers a petition successive if it represents "a second attack by federal habeas petition on the same conviction." *Hardemon v. Quarterman* 516 F.3d 272, 275-76 (5th Cir. 2008). Although an attempt to bring another *claim* that could have been brought in a previous petition qualifies as successive, an attempt to challenge another *conviction* which could have previously been challenged does not qualify as successive. *Id.* Rather, a petitioner is permitted, but not required, to challenge separate convictions in a single § 2254 petition. *Id.*

The government opposes Preston's current § 2254 petition, asserting that he has previously challenged his 1974 conviction for robbery by assault in prior § 2254 applications, and thus it is successive and should be dismissed given that this court has not authorized Preston to file a successive application. The government however, fails to provide documentary support for the assertion that Preston has previously challenged his 1974 conviction for robbery by assault with a firearm. The documents available to this court do not support the government's assertion that Preston has previously challenged his 1974 robbery by assault conviction. Preston's 1989 habeas petition appears to have challenged a 1981 aggravated robbery conviction. Likewise, the 1991 habeas petition indicates that Preston challenged his

aggravated robbery conviction on a Sixth Amendment ineffective assistance of counsel claim. The available records do not support the government's contention that Preston has previously challenged his 1974 robbery conviction, and thus Preston's instant petition is not successive, as it challenges a different conviction than those challenged in his previous § 2254 applications. *See Hardemon* 516 F.3d at 275.

Accordingly, it is ORDERED that Preston's application to seek authorization to file a successive petition is DISMISSED AS MOOT, given that his petition is not successive within the meaning of § 2254. The case is REMANDED to the district court for further proceedings.