# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-70003

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

Consolidated with No. 14-70018

STEVEN ANTHONY BUTLER,

      Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2103

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Having considered the parties' briefs and oral arguments, Steven Butler's motions for certificates of appealability and associated responses and briefing, and the state and district court's orders on Butler's habeas petitions and Federal Rule of Civil Procedure 60(b) motion, we have determined as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-70003 cons/w No. 14-70018

follows:

(1)  As urged by the State, we hereby treat Butler's appellate brief as a request for a certificate of appealability ("COA") from the district court's denial of his Rule 60(b) motion, which sought relief from the district court's previous denial of his *Atkins*[1] claim. *See Butler v. Stephens*, No. 4:07-CV-2103, 2014 WL 1248037 (S.D. Tex. Mar. 25, 2014).  We GRANT a COA on the district court's denial of Butler's Rule 60(b) motion. *See* 28 U.S.C. § 2253(c).  Jurists of reason "could conclude the issues presented are adequate to deserve encouragement to proceed further"; additionally, "any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005) (citation and internal quotation marks omitted).[2]

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).

[2] In the district court, the parties briefed whether Butler's Rule 60(b) motion should be construed as a second or successive habeas petition under § 2244(b).  Although not briefed before this court, we address this jurisdictional issue sua sponte.  *See Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010).  Butler filed his Rule 60(b) motion after the district court denied his initial habeas petition, while that petition awaited review in this court.  We conclude that this second-in-time Rule 60(b) motion is not a "second or successive" habeas petition within the meaning of § 2244(b).  It merely sought reconsideration of the district court's original denial of Butler's habeas petition *based on new proceedings and orders issued by the state habeas court and the Texas Court of Criminal Appeals* ("TCCA") after the TCCA expressly ordered subsequent state proceedings based upon events that occurred after the district court's original decision.  The TCCA ordered the state habeas court to reconsider Butler's petition in light of the recent censure of the expert who testified for the state during Butler's state habeas proceedings.  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222–24 (5th Cir. 2009) (listing second-in-time habeas petitions attacking an allegedly "defective habeas proceeding" among non-successive petitions, especially where "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition"); *In re Trotter,* 544 F. App'x 392, 393 (5th Cir. 2013) (unpublished) ("An application is not successive merely because it follows an earlier application.  Rather, an application is successive when it raises a claim that was 'ripe' at the time the applicant filed his prior application or when the application otherwise constitutes an abuse of the writ." (citing *Leal Garcia*, 573 F.3d at 220–22)); *cf. Whab v. United States*, 408 F.3d 116, 118–19 (2d Cir. 2005) (holding that a second-in-time petition was not a successive petition in part due to the pendency of appellate review on the initial petition).

No. 09-70003 cons/w No. 14-70018

(2)  We GRANT a COA on Claim 2 of Butler's Amended Petition for Writ of Habeas Corpus ("Federal Habeas Petition"), for ineffective assistance of trial counsel ("IATC") in failing to investigate and raise Butler's mental state regarding his competence to stand trial and as mitigation evidence during sentencing.  The district court rejected these claims as procedurally defaulted before *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), was decided.  Reasonable jurists could debate whether Butler may now show cause and prejudice for the procedural default of Claim 2 under *Martinez.  See id.* at 1318–19; *Trevino v. Thaler*, 133 S. Ct. 1911, 1915 (2013); *see also Newbury v. Stephens*, 756 F.3d 850, 871–72 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1197 (Feb. 4, 2015); *Escamilla v. Stephens*, 749 F.3d 380, 392 (5th Cir. 2014).  The parties should submit supplemental briefing addressing the effect of the "uncalled witness" rule on these claims.  *See, e.g.*, *Day v. Quarterman*, 566 F.3d 527, 538–39 (5th Cir. 2009); *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

(3)  We DENY a COA on Claim 3 of Butler's Federal Habeas Petition, that his Fourteenth Amendment due process rights were violated because he was incompetent to stand trial.  Jurists of reason would not debate that this claim has been procedurally defaulted.  *See Slack v. McDaniel*, 529 U.S. 473, 477–78 (2000).

(4)  We GRANT a COA on Claim 4 of Butler's Federal Habeas Petition, that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding allegedly exculpatory or impeachment evidence related to several crimes of which Butler was accused during the punishment phase of his trial.  Resolving doubts in favor of Butler, reasonable jurists could debate whether Butler procedurally defaulted his *Brady* claims and "whether the petition states a valid claim of the denial of a

3

constitutional right." *Slack*, 529 U.S. at 478; *cf. Banks v. Dretke*, 540 U.S. 668, 695–96 (2004); *Mathis v. Dretke*, 124 F. App'x 865, 877 (5th Cir. 2005) (unpublished).

(5)     We DENY a COA on Claim 5 of Butler's Federal Habeas Petition, for IATC in failing to challenge his confession as involuntary.  Jurists of reason would not debate the district court's resolution of this claim.  *See Slack*, 529 U.S. at 484.  Butler failed to show that the actions of law enforcement during his arrest and questioning amount to official coercion such that his confession was involuntary.  *See, e.g.*, *United States v. Blake*, 481 F. App'x 961, 962 (5th Cir. 2012) (unpublished)[3] ("While a defendant's mental condition 'may be a significant factor in the voluntariness calculus, this fact does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness.'" (quoting *Colorado v. Connelly*, 479 U.S. 157, 163–67 (1986)); *see also Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) ("[I]n the absence of any evidence of official coercion, [petitioner] has failed to establish that his confession was involuntary.").  Therefore, Butler has not made "a substantial showing of the denial of a constitutional right" as required for a COA.  28 U.S.C. § 2253(c)(2).

(6)  Finally, we GRANT a COA on Claim 7 of Butler's Federal Habeas Petition, that the trial court failed to properly remedy the prosecution's racially-discriminatory exclusion of a juror, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  *See generally Pippin*, 434 F.3d at 787

---

[3] Although *Blake* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

(noting a COA may be granted where issues deserve encouragement to proceed and that doubts about whether to issue a COA to a death-penalty petitioner must be resolved in his favor).

This case has been extensively briefed and stayed numerous times in light of the events transpiring after the district court's opinion issued. Nevertheless, in order to insure that the parties have had a full opportunity to brief all matters on which a COA is granted, we will hereby grant a limited, abbreviated opportunity for briefing on these matters.[4]   However, given the number of years it has been since Butler was first sentenced, we expressly direct the clerk of court to submit any requests for an extension of time to this panel for ruling, and we advise the parties that we will not grant any such extension without a showing of good cause and exceptional circumstances.

Any additional briefing Butler wishes to submit must be filed within thirty (30) days from the date of this order.  The state must respond with any additional briefing it wishes to submit by thirty (30) days from the date on which Butler's brief is filed.  No reply is permitted.

COA GRANTED IN PART;[5] COA DENIED IN PART.

---

[4]  Except as specifically provided herein, to the extent counsel does not find it necessary to submit additional briefing because the relevant arguments have been fully made in previous briefs, counsel may refer to or incorporate by reference any prior briefs filed in this court without further briefing.

[5]  The district court granted a COA on its original *Atkins* ruling, which addressed Claim 1 of Butler's Federal Habeas Petition. *See Butler v. Quarterman*, 576 F. Supp. 2d 805, 832 (S.D. Tex. 2008).  The State contends that this COA grant is unclear.  We construe the district court's original COA grant as encompassing the entire *Atkins* issue decided in its 2008 Memorandum Opinion and Order and in its Final Judgment. *See, e.g.*, *id.* ("The court will grant a certificate of appealability as to Butler's First Claim for Relief.").  Alternatively, we grant a COA on Claim 1 of Butler's Federal Habeas Petition, that the Eighth Amendment prohibits Butler's execution because he is intellectually disabled under *Atkins*. *See id.* at 810.