# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-70009

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2018

Lyle W. Cayce
Clerk

ANIBAL CANALES, JR.,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:03-CV-69

Before HIGGINBOTHAM, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Anibal Canales moves for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition challenging his sentence for capital murder. In 2014, this court remanded the case to the district court for consideration of Canales's *Wiggins* claim for ineffective assistance of counsel during the sentencing phase of his trial for failing to develop and present

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitigating evidence. Finding that Canales had established cause to excuse his procedural default, the panel directed the district court to consider whether Canales could prove prejudice as a result of his trial counsel's deficient performance at sentencing, and if so, to consider the merits of his habeas petition.[1] On remand, the district court determined that Canales had not shown prejudice under *Strickland*[2] on the merits of his ineffective assistance claim or prejudice to excuse the procedural default. The court went on to deny a COA, determining that reasonable jurists could not debate the denial of Canales's § 2254 petition.

A state prisoner whose petition for a writ of habeas corpus is denied by the district court does not enjoy an absolute right to appeal and must first secure a COA.[3] A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] Consideration of an application for a COA "is not coextensive with a merits analysis" and the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"[5] Our examination is limited at this stage "'to a threshold inquiry into the underlying merit of [the] claims' and [we] ask 'only if the District Court's decision was debatable.'"[6]

In his application, Canales contends that the district court dismissed the new mitigation evidence as "double-edged" and failed to meaningfully reweigh that evidence in the context of the existing mitigation and aggravation

---

[1] *Canales v. Stephens*, 765 F.3d 551, 571 (5th Cir. 2014).

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); 28 U.S.C. § 2253(c)(1).

[4] 28 U.S.C. § 2253(c)(2).

[5] *Buck*, 137 S.Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

[6] *Id.* at 774 (quoting *Miller-El*, 537 U.S. at 327).

No. 18-70009

evidence. Canales has made a sufficient showing that jurists of reason could debate the district court's conclusion that Canales failed to show prejudice to overcome a default of his *Wiggins* claim and his entitlement to relief. Accordingly, a COA is GRANTED with respect to that issue. We will allow for additional briefing now that a COA has been granted; however, the parties should avoid repetition and, if they wish, may rest on their briefs.[7] Canales should file any additional briefing on this issue within thirty days of this order, and the State may respond within thirty days thereof. Extensions will be granted only by order of this panel for exceptional circumstances shown.

---

[7] *See, e.g.*, *Butler v. Stephens*, 600 F. App'x 246, 248 n.4 (5th Cir. 2015) (per curiam).