RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

IN RE: COURTNEY M. CALDWELL,

                 *Movant.*         No. 18-6074

─────────────────

On Motion to Authorize the Filing of a Second
or Successive Application for Habeas Corpus Relief.
United States District Court for the Western District of Tennessee at Memphis.
No. 2:18-cv-02216—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed: March 8, 2019

Before: NORRIS, SUTTON, and COOK, Circuit Judges.

─────────────────

## LITIGANT

**ON MOTIONS:** Courtney M. Caldwell, Wartburg, Tennessee, pro se.

─────────────────

## ORDER

─────────────────

SUTTON, Circuit Judge. Federal habeas law gives an inmate one clean shot at relief for each judgment that confines him. In this case we see an uncommon application of that rule. Courtney Caldwell pleaded guilty to murder and aggravated robbery in two separate cases in the same court on the same day. He initially filed a habeas petition challenging his murder conviction. Then he challenged both convictions in a second petition. The district court transferred Caldwell's latest petition to us as second or successive. We hold that the petition is second or successive only to the extent it re-attacks his murder conviction. To the extent it challenges his aggravated-robbery conviction for the first time, we transfer it to the district court for consideration as an initial petition.

In 2011, Caldwell pleaded guilty to second-degree murder in a Tennessee court.  The court issued a judgment imposing a 25-year sentence.  That same day, in an unrelated case in the same court, Caldwell pleaded guilty to aggravated robbery.  In a separate judgment, the court sentenced him to eight years in prison, to run consecutively to his murder sentence.  Caldwell did not appeal either judgment or seek state collateral relief in either case.

In 2012, Caldwell filed a § 2254 habeas petition challenging his murder conviction.  Pet., *Caldwell v. Tenn. Dep't of Corr.*, No. 2:12-cv-02653 (W.D. Tenn. July 23, 2012).  He attacked the judgment on four grounds:  (1) His counsel provided ineffective assistance by failing to argue that he acted in self-defense; (2) his counsel provided ineffective assistance by failing to investigate his case adequately, to request an independent mental evaluation, or to challenge the prosecution of this capital case by an assistant district attorney; (3) he was prevented from arguing that he acted in self-defense; and (4) he should have been sentenced for manslaughter instead of murder.  *Id.*  The district court dismissed the petition with prejudice, finding that it was time barred and that Caldwell had procedurally defaulted his claims.  The district court declined to issue a certificate of appealability, and Caldwell did not appeal.

In 2018, Caldwell filed a second § 2254 petition.  This time, he raised 16 grounds for relief, some challenging his aggravated-robbery conviction, some attacking both his aggravated-robbery and murder convictions.  The district court transferred the petition to us as a second or successive habeas application requiring our authorization.  *See* 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).  Caldwell filed a motion for leave to file a second or successive petition, restating his grounds for relief.

Does Caldwell's second-in-time habeas action count as a successive petition?  Yes in part and no in part.

The Antiterrorism and Effective Death Penalty Act permits a district court to entertain an application for a writ of habeas corpus from an inmate "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  But the statute limits "second or successive" applications.  *Id.* § 2244(b); *see Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The statute does not define "second or successive" or for that matter the number "one" or "initial." But even if the phrase is a "term of art," *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), whose meaning turns on context, *Magwood v. Patterson*, 561 U.S. 320, 332 (2010), it has some basic properties. It amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement. *See id.* at 332–33. A first challenge to a state judgment is not a second challenge to it. *See In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016).

That's easy enough. But what happens when one petition challenges a single judgment and the other petition challenges that judgment and one other? That does not make the second petition successive as to the new challenge.

Keep in mind that Caldwell had no obligation to challenge both convictions in his initial habeas petition. The norm under § 2254(a) is that one habeas application attacks one judgment. *See id.* at 418. The Rules Governing § 2254 Cases identify an exception to that requirement. *See* 28 U.S.C. foll. § 2254. Rule 2(e) provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." The rule's reference to "a separate petition covering the . . . *judgments* of each court" implies that a petitioner *may* challenge multiple judgments from a single court in a single petition.

But neither AEDPA nor Rule 2(e) makes that option mandatory. The advisory committee's note on the previous version of this rule states that it "permits, but does not require, an attack in a single petition on judgments based upon separate indictments or on separate counts even though sentences were imposed on separate days by the same court." Rules Governing § 2254 Cases 2(d) advisory committee's note to 1976 adoption. The 2004 amendments to the habeas rules make clear that there is no substantive difference between the old rule and the current Rule 2(e). An inmate thus may challenge multiple judgments from the same court in a single petition, but he is not required to do so. *See Hardemon v. Quarterman*, 516 F.3d 272, 275–76 (5th Cir. 2008); *Retic v. United States*, 321 F. App'x 865, 865–66 (11th Cir. 2009); *see also* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 11.4[a] (7th ed. 2018).

With that principle in place, *Magwood v. Patterson* carries us the rest of the way home. 561 U.S. 320 (2010). A petition, it says, qualifies as second or successive only if it challenges a previously challenged judgment. *See id.* at 331–33; *In re Stansell*, 828 F.3d at 415. Because Caldwell's first petition challenged only the judgment in his murder case, his second petition is second or successive only to the extent it attacks that judgment again. To the extent the petition attacks his aggravated-robbery judgment, it is not subject to AEDPA's second or successive restrictions.

*In re Stansell* is not to the contrary. 828 F.3d 412 (6th Cir. 2016). True, that case said courts should apply the term "second or successive" to a petition as a whole, not to the individual claims within it. *Id.* at 418. But it did so without reference to, or any awareness of, the wrinkle in today's case. *Stansell* involved an inmate's second habeas petition, which he filed after the State added a post-release control requirement to his judgment of conviction. *Id.* at 414. We determined that the petition wasn't second or successive because the addition of the post-release control requirement created a new judgment. *Id.* at 416–17. Our point was straightforward: Under *Magwood*, a new judgment reopens challenges to any aspect of that judgment, whether related to the conviction, sentence, or both. *Id.*; *see also King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). When a petition attacks a new judgment, *Magwood* makes clear that courts should not parse each claim, asking whether the applicant could have brought that claim in a prior petition. 561 U.S. at 330–36.

Today's holding adds a harmonic line to that conclusion. Unlike *Stansell*, Caldwell challenges two judgments in a single petition. In this circumstance, *Magwood*'s judgment-centered approach requires courts to sift claims based on which judgment they are attacking. While that process may superficially resemble the claim-by-claim analysis we condemned in *Stansell*, it is in reality a straightforward application of *Magwood* to the exception created by Rule 2(e).

Unique facts, it bears mentioning, have a good bit to do with the unique outcome of this case. Here, the State chose to bring two indictments, leading to two cases, concluding with two judgments. The habeas rules gave Caldwell the option of attacking those judgments individually or jointly. Had Caldwell's prosecution instead resulted in a single judgment with two

convictions, *Magwood* makes clear that multiple petitions attacking the convictions would be successive. *See* 561 U.S. at 331–33; *see also* Hertz & Liebman, *supra*, § 28.3[b][i]. That would hold true whether each petition challenged one or both of the convictions in that judgment. But that is not the situation before us.

Moreover, not only were Caldwell's two convictions reflected in two judgments, but those two convictions arose from unrelated events that occurred almost two years apart. Even outside of habeas, claim preclusion presents no obstacle to a plaintiff bringing two unrelated grievances in two different lawsuits. *See* Restatement (Second) of Judgments § 24 (Am. Law Inst. 1982). And AEDPA's rule limiting successive petitions is more forgiving than that doctrine, not less. *See King*, 807 F.3d at 159–60; *see also* Hertz & Liebman, *supra*, § 28.2.

All of this means that we need not authorize Caldwell to challenge his aggravated-robbery conviction. The district court may consider the petition as it pertains to that conviction without our authorization. Our remaining task is to apply the rules governing second or successive petitions to Caldwell's second petition to the extent it pertains to his murder conviction. We may authorize a district court to consider a second or successive habeas petition presenting a new claim only if the application makes a "prima facie showing" that the claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or (2) depends on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and that establishes the petitioner's actual innocence. 28 U.S.C. § 2244(b)(2)(A)–(B), (3)(C); *Bousley v. United States*, 523 U.S. 614, 623 (1998).

To the extent Caldwell's second petition attacks his murder conviction, he cannot clear this bar. The petition contains seven claims that might apply to his murder conviction: (1) His counsel performed ineffectively; (2) the State failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the conviction was based on malicious prosecution; (4) the judgment did not comply with state law; (5) he was coerced to sign the judgment; (6) he was subjected to cruel and unusual punishment; and (7) his freedom was restrained in violation of the Thirteenth and Fourteenth Amendments. Caldwell does not identify a new rule of constitutional

law supporting any of these claims. Nor does he identify any factual predicates for these claims that could not have been discovered previously and that would establish his actual innocence.

For these reasons, to the extent Caldwell's petition challenges his murder conviction, we deny his motion for failure to make the requisite prima facie showing. To the extent Caldwell's petition challenges his aggravated-robbery conviction, we deny Caldwell's motion to file a second or successive habeas petition as unnecessary and transfer his petition back to the district court so that Caldwell can proceed with that challenge.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk