# United States Court of Appeals
# for the Fifth Circuit

———————

No. 21-11031

———————

Danny Richard Rivers,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2024

Lyle W. Cayce
Clerk

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-12

————————————————————

Before Richman, *Chief Judge,* and Stewart and Dennis, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

Danny Richard Rivers is incarcerated in the Texas Department of Criminal Justice on several state noncapital convictions. He filed a second-in-time 28 U.S.C. § 2254 petition in the district court while his first-in-time § 2254 petition was still pending on appeal before this court. The district court determined that it lacked jurisdiction over the second-in-time petition because it was "successive." *See* 28 U.S.C. § 2244(b). Rivers now argues that because his first-in-time petition was still pending on appeal before this

court when his second-in-time petition was filed, it should have been construed as a motion to amend his first-in-time petition. Because we disagree, we join the majority of our sister circuits to address this issue and AFFIRM the district court's dismissal of Rivers's second-in-time petition for lack of jurisdiction.

## I. Factual and Procedural History

Rivers was convicted in Texas state court in 2012 for continuous sexual abuse of a young child, indecency with a child by sexual contact, indecency with a child by exposure, and possession of child pornography. In August 2017, he filed a § 2254 habeas petition challenging those convictions on various grounds. The district court denied his petition in September 2018 and subsequently denied his application for a certificate of appealability ("COA"). Rivers then moved for a COA with this court, and we granted his COA motion as to one of his claims—ineffective assistance of trial counsel based on an alleged failure to conduct a reasonable investigation and interview witnesses.

Nearly three years later, in February 2021, while Rivers's first-in-time petition was pending on appeal before this court, he filed a second-in-time § 2254 petition with the district court. In it, he challenged the same convictions that he challenged in his first petition, however, he added claims of insufficient evidence to support his convictions, unreliable expert testimony, double jeopardy, nonunanimous verdict under *Ramos v. Louisiana*,[1] cumulative error, and additional prosecutorial misconduct. He alleges that these new claims, and his desire to amend, arose when he was finally able to review his "long-requested" attorney-client file in October 2019, which he

_____

[1] 140 S. Ct. 1390 (2020).

No. 21-11031

received only after successfully obtaining a state bar grievance adjudication against his counsel.

Upon review, the magistrate judge assigned to the case deemed the second-in-time petition "successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A), which requires an applicant seeking to file such a petition to first get authorization from the appropriate court of appeals. Over Rivers's objections, the district court adopted the magistrate judge's recommendation, holding that absent such authorization, it was without jurisdiction to entertain the petition. As a result, it transferred the matter to this court "to determine whether [Rivers] is authorized to file the instant petition." *See* 28 U.S.C. § 1631.

Pursuant to the transfer order, the Clerk of Court for the Fifth Circuit docketed a new proceeding for Rivers to file a motion for authorization to file a successive petition. *See In re Rivers*, No. 21-10967 (5th Cir. Sep. 24, 2021). Rivers, however, failed to file a motion for authorization in response, and thus the new proceeding was dismissed. *See id.* at Doc. 6. Rivers thereafter filed a timely notice of appeal challenging the district court's transfer order. Later, in May of 2022, this court entered a judgment affirming the district court's denial of Rivers's first-in-time § 2254 petition. *See Rivers v. Lumpkin*, No. 18-11490, 2022 WL 1517027 (5th Cir. May 13, 2022) (unpublished).[2]

Rivers now proceeds pro se in this appeal challenging the district court's transfer order. He argues that the district court erred in construing his second-in-time § 2254 petition as successive because his first § 2254

_____

[2] Because Rivers's appeal of his first-in-time petition was denied after the district court issued its order transferring the second-in-time petition but before our decision in the instant appeal, the current relief that Rivers seeks is unclear since there is nothing to amend. However, given our holding that the district court did not err in determining that the second-in-time petition was successive, we need not reach that question.

petition was still pending on appeal, and thus his second-in-time petition should have been construed as a motion to amend his first-in-time petition. He further argues that his claims should not have been considered successive because his counsel withheld his client file that would have allegedly exposed his ineffective assistance, and this information was not available to him when he filed his first § 2254 petition.

## II. Standard of Review

We have appellate jurisdiction over the district court's transfer order, and we apply de novo review to the district court's determination that it lacked jurisdiction to consider the claims Rivers raised in his second-in-time petition. *Leal Garcia v. Quarterman*, 573 F.3d 214, 217 (5th Cir. 2009) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)); *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013).

## III. Discussion

AEDPA is a gatekeeping provision that sets forth the requirements for filing a "second or successive" habeas corpus application challenging custody. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 657 (1996).[3] When a person who is incarcerated seeks to file a "second or successive" application in the district court, they "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Thereafter, a panel of this court may authorize the filing of the second or successive application "if it presents a

---

[3] AEDPA applies in habeas proceedings involving both capital and noncapital offenses. *Young v. Vannoy*, 690 F. App'x 199, 199 (5th Cir. 2017) (per curiam) (unpublished) ("It is well established that the AEDPA applies to 'all habeas corpus proceedings in the federal courts' filed after its enactment, even those submitted by individuals convicted of noncapital offenses.") (quoting *Lindh v. Murphy*, 521 U.S. 320, 326 (1997)).

claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[4] *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see* § 2244(b)(3)(C). "If a petitioner files a 'second or successive' petition in the district court without first obtaining authorization from the court of appeals, the district court may transfer the petition to the court of appeals via [28 U.S.C. § 1631] because the district court lacks jurisdiction over the petition." *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021).

Rivers makes two arguments challenging the district court's ruling that his application was "second or successive." First, he contends that his second-in-time petition added grounds for relief that he could only have discovered after he obtained his wrongfully withheld attorney-client file. Second, he avers that his second-in-time petition should have been construed as a motion to amend his first § 2254 petition because it was filed while the appeal of the first petition was still pending before this court. We are unpersuaded by his arguments.

While it is true that "a prisoner's application is not second or successive simply because it follows an earlier federal petition," Rivers's second-in-time petition falls squarely within the contours for successive petitions as explained by this court. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). We have defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an

---

[4] That is, he must either show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that both "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence [and] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2).

abuse of the writ." *Id.* We have further clarified "that claims based on a factual predicate not previously discoverable are successive" and thus still require the petitioner to seek authorization. *See Leal Garcia*, 573 F.3d at 221–22 (interpreting *Cain* and clarifying that habeas petitions based on newly discovered evidence are still considered successive under AEDPA).

Here, Rivers's second-in-time petition attacks the same conviction that he challenged in his first-in-time § 2254 petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275–76 (5th Cir. 2008) ("[T]o be considered successive, a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." (quotation and citation omitted)). Although this court has recognized in certain instances that a second-in-time petition may not be considered "successive" when it attacks a subsequent proceeding or event that occurred after the district court's original decision, that is not the case here. *See Butler v. Stephens*, 600 F. App'x 246, 246 n.2 (5th Cir. 2015) (per curiam) (unpublished); *Leal Garcia*, 573 F.3d at 222. In this case, we cannot characterize Rivers's second-in-time petition as a motion to amend because he adds several new claims that stem from the proceedings already at issue in his first § 2254 petition. The fact that Rivers's later-obtained client file allegedly contained information that was not available to him when he filed his first-in-time § 2254 petition does not excuse him from meeting the standards for seeking authorization under § 2244. *See Leal Garcia*, 573 F.3d at 221–24.

Likewise, the timing of Rivers's second-in-time petition does not permit him to circumvent the requirements for filing successive petitions under § 2244. As stated, Rivers sought to amend his original petition with new information and new claims after he received his client file by filing a second-in-time petition while his first-in-time petition was still under appellate review. Currently, this court has no binding precedent on how to

construe a second-in-time § 2254 petition filed during the pendency of the appeal of the first-in-time petition. The parties posit that the issue turns on whether Rivers's first habeas proceeding had "concluded" for purposes of § 2244(b) at the time that he filed this second-in-time petition. According to Rivers, the first petition cannot be "second or successive" because a petition is not complete until after the matter is fully adjudicated on appeal. The State, on the other hand, argues that the application concludes when the district court enters its final judgment and disposes of the issue on the merits, regardless of whether the district court's judgment remains pending on appeal.

In *Mendoza v. Lumpkin*, a panel of this court held that the petitioner's ineffective assistance claims raised after remand for appointment of new federal habeas counsel (due to a conflict of his current federal habeas counsel) did not constitute a second or successive application. 81 F.4th 461, 470 (5th Cir. 2023) (per curiam). We reasoned there that the effect of our remand for the appointment of conflict-free counsel was to "reopen litigation in the district court," and once the litigation was reopened on the merits for those limited claims, § 2242 allowed the petitioner to submit an amended filing. *Id.* (citing 28 U.S.C. § 2242 (stating that an application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions")). We further observed that Federal Rule of Civil Procedure 15, the relevant civil rule on amended and supplemental pleadings, has been interpreted to mean that "[o]nce [a] case has been remanded, [a] lower court [may] permit new issues to be presented by an amended pleading that is consistent with the judgment of the appellate court." *Id.* (citing FED. R. CIV. P. 15). We supported our reasoning in that case by noting that the Government answered the petitioner's ineffective assistance claims on the merits, without challenging jurisdiction, and "the district court entered a new final judgment when it completed its remand duties." *Id.* Nevertheless,

although "[b]oth parties urge[d] us to resolve the broader question of whether a habeas filing is second-or-successive when [appellate] proceedings on the initial application are ongoing . . . [w]e decline[d] to resolve that broader question" because "the unusual timing of [the petitioner's] case [did] not require such a decision." *Id*. at 470–71.

Notwithstanding the lack of definitive guidance in this circuit, several of our sister circuits have rejected arguments similar to the one Rivers asserts here. In *Phillips v. United States*, the Seventh Circuit held that a Rule 60(b) motion filed during the pendency of the appeal was successive because a district court's "[f]inal judgment marks a terminal point." 668 F.3d 433, 435 (7th Cir. 2012); *see* Fed. R. Civ. P. 60(b). The *Phillips* court further opined that to hold otherwise would "drain most force from the time-and-number limits in § 2244" by allowing prisoners to file an unlimited number of new applications until the appeal is over. *Id*. The Tenth Circuit raised the same concern in *Ochoa v. Sirmons* when it held that such an approach "would greatly undermine the policy against piecemeal litigation embodied in § 2244(b)." 485 F.3d 538, 541 (10th Cir. 2007); *see also Beaty v. Schriro*, 554 F.3d 780, 782–83 n.1 (9th Cir. 2009) (holding that a petitioner cannot avoid § 2244 by seeking to "amend his petition after the district court has ruled and proceedings have begun in [the circuit] court"); *Williams v. Norris*, 461 F.3d 999, 1003 (8th Cir. 2006) (rejecting petitioner's claim that motions "were not successive because the denial of his initial petition had not yet been affirmed on appeal"); *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005) (unpublished) (holding same).

We find these holdings persuasive. Each of these cases leans on the Supreme Court's decision in *Gonzalez v. Crosby* which lays the foundation of the principles guiding our analysis herein. 545 U.S. 524, 532 (2005). In *Gonzalez*, the Court recognized that prisoners could use post-judgment motions as tools to evade the limitations on successive habeas petitions.

Hence, even if a motion was "couched in the language of" a post-judgment motion, it should be construed as "successive" if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits." *Id.* at 531–32 (emphasis omitted). The Court gleaned that a petition "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532.

Although unlike here, *Gonzalez* involved a Rule 60(b) motion, which "permit[ed] a court to relieve a party from the effect of a final judgment," that is a distinction without a difference. *Id.* at 527. The underlying principle—that filings introduced after a final judgment that raise habeas claims, no matter how titled, are deemed successive—applies the same here as it did there. *Gonzalez* urges courts to honor the limits of "second or successive" applications by looking at the nature of the relief sought rather than the filing's label to determine whether "failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 531 (quoting § 2254).

Rivers relies on the Second Circuit's decision in *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005), the Sixth Circuit's decision in *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014), and the Third Circuit's decision in *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019), in support of his argument that his second-in-time petition was an amended petition rather than a successive one. In each of these cases, the circuit courts reached the conclusion that a habeas petition is not "fully adjudicated" while its denial is pending on appeal and, therefore, a second petition filed while that appeal is still pending is not a second or successive petition under § 2244. We decline, however, to embrace the minority view of the Second, Third, and Sixth Circuits. As stated herein infra, the Supreme Court has made clear that a motion "advancing one or more [habeas] claims" must be read

No. 21-11031

consistently with § 2244 so as to not "circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez*, 545 U.S. at 532 (citation and internal quotation omitted); *see Ochoa*, 485 F.3d at 539–41.

Consequently, consistent with both statutory and Supreme Court guidance, we hold that Rivers's second-in-time habeas petition was second or successive, and thus subject to the district court's transfer order for lack of jurisdiction absent authorization to file. 28 U.S.C. §§ 2244; 1631.

## IV. Conclusion

We therefore AFFIRM the district court's order transferring this matter to our court and ORDER the clerk of court to notify Rivers of the applicable filing deadline to move for authorization.