ALD-016                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2273
_____

UNITED STATES OF AMERICA

v.

OMAR SIERRE FOLK,
                                  Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:11-cr-00292-001)
District Judge:  Honorable Robert D. Mariani

_____

Submitted by the Clerk for Possible Dismissal due to a Jurisdictional Defect
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
and on Appellant's Motion for Summary Reversal
October 23, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: October 30, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Omar Sierre Folk, a federal prisoner, appeals from orders of the District Court

denying his motions for compassionate release and his motion to reopen an order denying

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his "Motion for Status Quo." For the following reasons, we will summarily affirm the District Court's judgments. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2013, Folk was sentenced as a career offender to 264 months' imprisonment after a jury convicted him of one count of distribution and possession with intent to distribute cocaine, 21 U.S.C. § 841, two counts of using a firearm to further a drug trafficking offense, 18 U.S.C. § 924(c), and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). This Court affirmed the judgment of conviction and sentence on direct appeal. See United States v. Folk, 577 F. App'x 106, 107 (3d Cir. 2014) (not precedential).

In August and November 2024, Folk filed pro se motions for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorized criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances. See ECF Nos. 334 & 336. Folk relied in large part on Amendment 814 to the Sentencing Guidelines, which revised the applicable policy statement to define six circumstances of "extraordinary and compelling reasons," including if the defendant has served 10 years of an "unusually long sentence" and a change in the law would produce a "gross disparity" between the defendant's current sentence and the sentence he would receive at the time the motion is filed. See U.S.S.G. § 1B1.13(b) & (b)(6); see also U.S.S.G. App. C, Amend. 814 (effective Nov. 1, 2023).

2

The District Court determined that none of Folk's circumstances was extraordinary and compelling, and thus that a reduction in sentence was not warranted. It nevertheless reviewed the sentencing factors under 18 U.S.C. § 3553(c), and concluded that they also weighed against sentencing relief. Therefore, by order entered June 12, 2025, the District Court denied both compassionate release (§ 3582) motions.

In January 2025, Folk filed a "Motion for Status Quo," seeking relief pursuant to Rivers v. Lumpkin, 145 S. Ct. 611 (Dec. 6, 2024) (granting certiorari). See ECF No. 342. Because that case was pending at the time in the Supreme Court, the District Court denied the motion without prejudice. After the Supreme Court issued its decision, see Rivers v. Guerrero, 605 U.S. 443, 446-47 (2025) (holding that a second-in-time habeas petition brought pursuant to 28 U.S.C. § 2254 that is filed when an appeal of the judgment of the first habeas petition is pending is "second or successive" for purposes of 28 U.S.C. § 2244), Folk filed a motion to reopen the District Court's order denying his status quo motion. By order entered June 25, 2025, the District Court denied the motion as "procedurally flawed," because it contained "no legal or factual detail." ECF No. 387. Folk appeals from that order, and the order denying his § 3582 motions.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United

---

[1] The appeal was timely as to the order denying the motion to reopen, which sounded in habeas. See Fed. R. App. P. 4(a)(1)(B). However, a § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (per curiam), so, to be timely, a defendant's notice of appeal must be filed in

3

States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted). We also review a district court's decision to deny a motion to reopen for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).

Compassionate Release Motions

On appeal, Folk seeks "summary reversal" of the District Court's order denying his § 3582 motions, but he does not directly challenge any aspect of its decision. Instead, he argues that this appeal should be stayed pending the Supreme Court's decision in the consolidated cases of Rutherford v. United States, cert. granted 145 S. Ct. 2776, and Carter v. United States, 145 S. Ct. 2775 (cert. granted in both on June 6, 2025); and in Fernandez v. United States, 145 S. Ct. 2731 (cert. granted May 27, 2025). Folk argues that these decisions will "rectify" the District Court's judgment and "abrogate" our decision in United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021) (holding that a nonretroactive change to a sentencing law does not present "extraordinary and

_____

the district court no later than 14 days after the challenged order is entered. See Fed. R. App. P. 4(b)(1)(A). Folk's notice of appeal was filed outside this time period; he claims that was because he did not receive timely notice of the order. In any event, we will review the merits of the appeal. The 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has not invoked Rule 4(b). See id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

4

compelling" circumstances warranting compassionate release under § 3582). We find no basis to stay the appeal.

The pending Supreme Court cases Folk relies on implicate the "extraordinary and compelling" reasons which make a movant eligible for a sentence reduction.[2] But compassionate release is discretionary, not mandatory. A district court *may* reduce a defendant's term of imprisonment "after considering the factors set forth § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) (recognizing that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking"). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of

---

[2] The Supreme Court granted certiorari in Rutherford and Carter to consider, inter alia, whether certain changes in the law can constitute extraordinary and compelling reasons for sentencing relief. See United States v. Rutherford, 120 F.4th 360, 376, 380 (3d Cir. 2024) (reaffirming Andrews and holding that § 1B1.13(b)(6) was invalid to the extent it allows consideration of changes in the law which have not been made retroactive); United States v. Carter, No. 24-1115, 2024 WL 5339852 (3d Cir. Dec. 2, 2024) (summarily affirming decision holding that a district court lacks authority to grant § 3582(c)(1)(A) motions by comparing movants' sentences to otherwise nonretroactive changes in sentencing law). And the certiorari grant in Fernandez was limited to "[w]hether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255"). 145 S. Ct. 2731.

5

the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The District Court determined that a sentence reduction would be inconsistent with the § 3553 factors. In particular, it emphasized both the seriousness of Folk's drug and firearm offenses and that he was a felon with an extensive criminal history when he committed them. See ECF No. 380 at 9. The District Court also stressed that Folk was sentenced "far below" the applicable guidelines range of 420 months to life, and thus there was no apparent sentencing disparity between Folk and defendants with similar records and similar convictions. We find no abuse of discretion in its assessment of these factors. Accordingly, the District Court properly denied the motions for compassionate release.

<u>Motion to Reopen/Status Quo Motion</u>

The District Court also did not abuse its discretion in denying Folk's motion to reopen its decision to deny the Motion for Status Quo. As it noted, Folk did not provide any basis – legal or factual – for relief under <u>Rivers</u>, and any such claim must be raised in a proper motion. See generally Fed. R. Civ. P. 60(b); 28 U.S.C. §§ 2244, 2255(h).

Based on the foregoing, the District Court did not abuse its discretion in denying the motions for compassionate release or the motion to reopen. Folk's challenge to the

District Court's orders does not present a substantial question. We therefore will summarily affirm the District Court's judgments.[3]

---

[3] Folk's motion for summary reversal or for appointment of counsel is denied.