# United States Court of Appeals

## For the First Circuit

No. 23-2011

REYNALDO CRUZ,

Plaintiff, Appellant,

v.

UNIÓN INDEPENDIENTE AUTÉNTICA DE LOS EMPLEADOS DE LA AUTORIDAD
DE ACUEDUCTOS Y ALCANTARILLADOS; PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY; JENNIFFER A. GONZÁLEZ-COLÓN, in her official capacity
as Governor of the Commonwealth of Puerto Rico,*

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Barron, Chief Judge,
Thompson and Gelpí, Circuit Judges.

Matthew B. Gilliam, with whom Milton L. Chappell, Ángel J.
Valencia, Veronica Ferraiuoli-Hornedo, National Right to Work
Legal Defense Foundation, Inc., and Estudio Legal Ferraiuoli, PSC
were on brief, for appellant.

José-Enrico Valenzuela-Alvarado, with whom Mariangeli
Mercado-Torres and Valenzuela-Alvarado, LLC were on brief, for
appellee Unión Independiente Auténtica de los Empleados de la
Autoridad de Acueductos y Alcantarillados.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Governor Jenniffer A. González-Colón is automatically substituted
for former Governor Pedro R. Pierluisi-Urrutia.

Alberto Tabales-Maldonado, with Erika Berríos Berríos, Lady E. Cumpiano, and Schuster LLC on brief, for appellee Puerto Rico Aqueduct and Sewer Authority.

Francisco J. González-Magaz, with whom Omar Andino Figueroa, Solicitor General of Puerto Rico and Francisco González P.S.C. were on brief, for appellee Jenniffer A. González-Colón, in her official capacity as Governor of the Commonwealth of Puerto Rico.

December 3, 2025

BARRON, **Chief Judge**. In this appeal, Reynaldo Cruz ("Cruz") seeks review of the dismissal of claims that he brought in the United States District Court for the District of Puerto Rico against three defendants: his employer, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"); Unión Independiente Auténtica de los Empleados de la Autoridad de Acueductos y Alcantarillados ("UIA"), of which Cruz was formerly a member; and Jenniffer A. González-Colón ("Governor"), in her official capacity as Governor of the Commonwealth of Puerto Rico.[1] The District Court dismissed the claims as moot. We remand for further proceedings not inconsistent with this opinion, while retaining jurisdiction over the appeal.

**I.**

In 2017, Cruz brought suit under 42 U.S.C. § 1983 against the three defendants. His complaint alleged the following facts.

The Puerto Rico Labor Relations Act ("PRLA"), codified at P.R. Laws Ann. tit. 29, § 61 et seq., allows public employers to enter into "all-union" and "maintenance of membership" bargaining agreements with labor organizations. Id. § 69(1)(c). As defined in the Act, all-union agreements require all employees

---

[1] Cruz's complaint named Ricardo Antonio Rosselló Nevares, in his official capacity as the Governor of Puerto Rico, as a defendant. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Rosselló Nevares was automatically substituted by his successor, Pedro R. Pierluisi-Urrutia, who was later substituted by his successor, Jenniffer A. González-Colón.

to be members of a given labor organization as a condition of employment, id. § 63(7), and maintenance of membership agreements require employees who are union members at the time a collective bargaining agreement is executed to maintain membership as a condition of continued employment, id. § 63(8).  PRLA further allows employers to "deduct[] any sum of money" from employees' wages "for the payment of dues to a labor organization when . . . required by the terms of a collective bargaining contract."  Id. § 69(1)(b).

Consistent with those provisions, the 2011 collective bargaining agreement ("CBA") between PRASA and UIA makes membership in UIA a condition of employment and details the initiation fees and membership dues that PRASA must withhold from each employee's pay and remit to UIA.

Cruz became a member of UIA when he began his employment with PRASA in about 1992.  In 2016, he sent letters to both UIA and PRASA notifying them of his resignation from UIA and his objection to continuing to pay union dues that would be used for "political, ideological, and other nonbargaining expenditures." As relevant here, in support of the latter, he relied on the Supreme Court of the United States's decision in Abood v. Detroit Board of Education, 431 U.S. 209 (1977).  In Abood, the Court held that a public employer may, consistent with the First Amendment, require employees who are not union members to pay fair-share

fees -- that is, fees collected for the purpose of "contribut[ing] to the cost of collective-bargaining activities," id. at 237, but not "for the expression of political views," id. at 235.

In response, PRASA and UIA -- acting pursuant to the CBA and the PRLA -- rejected Cruz's requests to resign and to only pay dues arising from UIA's collective bargaining expenses. Accordingly, PRASA continued deducting the full amount of dues from Cruz's pay and remitting them to UIA.

This suit followed. For relief, Cruz sought: (1) a declaration that PRASA and UIA violated his federal constitutional rights; (2) a declaration that the above-described provisions of the PRLA and related provisions of the CBA violated the First Amendment of the U.S. Constitution by allowing public employers to require employees to maintain union membership as a condition of employment and to impose dues payments on employees following their resignation from the union; (3) a permanent injunction against enforcement of those requirements; (4) restitution of and compensatory damages for dues withheld from Cruz's pay since his resignation in 2016, plus interest; (5) nominal damages, plus interest; and (6) costs and attorneys' fees.

In its answer to Cruz's complaint, PRASA asserted a cross-claim against UIA based on the CBA. In that claim, PRASA alleged that UIA was liable for any monetary damages pursuant to

a "hold-harmless" provision in the CBA.[2]  The cross-claim is not at issue in this appeal.

While Cruz's claims were pending, the Supreme Court overruled Abood in its decision in Janus v. American Federation of State, County, and Municipal Employees, 585 U.S. 878, 930 (2018). Shortly thereafter, the District Court entered a show-cause order regarding Janus's impact on Cruz's pending suit.  In response, the Governor conceded that the PRLA provisions in question were unconstitutional under Janus and that Cruz was therefore entitled to his requested relief.  For their parts, UIA and PRASA argued that Janus did not resolve the pending claims.  PRASA also went on to explain that, consistent with an Opinion Letter issued by the Puerto Rico Secretary of Justice, it had accepted Cruz's resignation and ceased withholding dues from his pay.  It further stated: "[A]t this time, PRASA has no objection to the entry of a prospective Declaratory Judgment as the one entered in Janus regarding the unconstitutionality of the dispositions of [the PRLA provisions] which, in light of the U.S. Supreme Court's holdings in Janus, infringe upon plaintiff's freedom of speech rights."

---

[2] That provision states: "The Union agrees to indemnify or exonerate PRASA for any amount of dues that PRASA deducted in compliance with [Article VII of the CBA -- which requires that PRASA deduct union dues from employees --] and that PRASA could be held liable to restitute to any employee or group of employees as a result of a judgment of decision that orders it as a result of a cause attributable to the Union."

- 6 -

Cruz later filed a motion for summary judgment in which he listed his compensatory damages request as $525.00 (the amount of dues withheld from his pay following his resignation), plus interest. Shortly thereafter, UIA filed a motion, pursuant to Federal Rule of Civil Procedure 67,[3] seeking leave to deposit with the court the $525.00 Cruz had requested, plus $94.68 in interest and $1.00 in nominal damages. That deposit, which UIA described as a "request and/or deposit of tender payment," was sought to be made "with a full and explicit reservation of [UIA's] rights and without prejudice to all" of "UIA's defenses and claims."

Days later, UIA and PRASA each filed a motion in opposition to Cruz's motion for summary judgment. Each asserted that Cruz's requests for prospective relief were moot because UIA and PRASA had recognized Cruz's resignation from UIA and ceased collecting union dues from his pay following Janus. As to Cruz's request for monetary relief, UIA alone argued that the request had become moot following UIA's Rule 67 motion. It stated:

> [Cruz] calculates that [post-withdrawal] dues and fees totaled $525 and seeks interest on that amount. UIA does not contest these calculations and has sought leave of the Court to consign with the Clerk's Office through a

---

[3] That Rule permits a party, in a case in which "any part of the relief sought is a money judgment or the disposition of a sum of money," to "deposit with the court all or part of" such funds "by leave of the court." Fed. R. Civ. P. 67(a). Funds deposited with the court pursuant to Rule 67 must be withdrawn "in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b).

> check for the full amount of damages sought, including nominal damages and interest, without any conditions attached. . . . UIA's unconditional tender of this cashier's check satisfies all of Plaintiff's retrospective claims, and his damages claim is therefore moot . . . .

(Citations omitted.)

The District Court denied UIA's Rule 67 motion because that motion "d[id] not provide for an unconditional deposit, as it [wa]s made with a full and explicit reservation of rights, without prejudice to all of UIA's defenses and claims." The District Court stated, however, that "UIA . . . may refile an updated check without conditions by September 19, 2023." When UIA did not timely respond, the District Court ordered as follows:

> UIA requests dismissal on account of mootness. By September 27, 2023, it shall inform whether it unconditionally tendered plaintiff a check corresponding to the union fees deducted from his wages after he resigned from the union plus interest, or intends to unconditionally deposit with the court a check in that amount.

UIA then filed a motion in response to that order requesting the District Court "to take notice of [UIA's] compliance with" the order, and it deposited the funds in question with the court.

Shortly thereafter, the District Court issued an opinion explaining that all the claims must be dismissed as moot. As to Cruz's claims for prospective declaratory and injunctive relief, the District Court concluded that they were moot because there was

no longer "a substantial controversy of sufficient immediacy and reality to warrant" such relief and "the challenged measures no longer adversely affect[ed] the plaintiff's primary conduct." As to Cruz's claims for monetary relief, the District Court recognized that "a claim for damages will keep a case from becoming moot." (Citation modified.) Nonetheless, the District Court noted that "UIA requested authorization to deposit in court -- and deposited -- the amount corresponding to union dues and fees deducted from plaintiff's wages."

Following the District Court's entry of judgment dismissing the claims as moot, Cruz filed a motion to alter and amend the judgment under Federal Rule of Civil Procedure 59(e). In that motion, he requested that the District Court "enter a declaratory judgment . . . adjudicating his legal claims and entitlement to the UIA deposit." Absent such a judgment, Cruz argued, he "c[ould not] seek or obtain the UIA deposit" from the court. The District Court denied the motion, explaining that UIA had "deposited the money that plaintiff requested" in response to the court's order "laying out side-by-side unconditional tendering of the money to plaintiff and depositing the corresponding amount in court," and that, under those circumstances, "the money is [Cruz's] for the asking."

This timely appeal followed.

## II.

Cruz asks us to vacate the District Court's Rule 67 order permitting UIA to deposit funds with the court, vacate the court's dismissal of the case, and direct the District Court to grant Cruz's motion for summary judgment and enter judgment awarding him declaratory and monetary relief. There is no dispute that Cruz's claims are moot insofar as he seeks prospective relief. As to Cruz's claims for monetary relief or a declaratory judgment regarding the defendants' past conduct, Cruz argues that they are not moot because "[n]othing in the District Court's order or judgment declared or otherwise adjudicated Cruz's legal entitlement to relief or to the funds deposited in the court registry." We disagree.

It is settled law that, on appeal, "the ruling on [a] Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." Banister v. Davis, 590 U.S. 504, 509 (2020); see Rivers v. Guerrero, 605 U.S. 443, 454 (2025). Here, we cannot read the District Court's determination in its ruling on the Rule 59(e) motion that the funds were "[Cruz's] for the asking" other than as a judgment that Cruz is entitled to the funds. Accordingly, the premise of Cruz's lead argument for challenging the dismissal of his claims as moot -- namely, that he cannot obtain his requested monetary relief

because no judgment entitles him to it -- is mistaken, as the judgment in his case does entitle him to it.

Even though, "having secured a favorable judgment" regarding his entitlement to the funds, Cruz would appear to have "no reason to contest" on appeal the District Court's "subordinate findings," Field v. Mans, 157 F.3d 35, 41 (1st Cir. 1998), he contended otherwise at oral argument. He contended that neither his claim for monetary relief nor his claim for a declaratory judgment regarding the defendants' past conduct is moot because, even if the District Court's judgment entitles him to the funds at issue, he may be unable to seek "prevailing party" attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 unless the District Court also determines that he is entitled to those funds because his First Amendment rights were violated. At oral argument, an issue arose regarding whether Cruz waived this argument regarding the bearing, if any, of attorneys' fees on the mootness analysis.

With respect to appellate waiver, we do not agree that Cruz waived this ground for arguing that his claims are not moot. As one basis for challenging the validity of the District Court's Rule 67 order, Cruz argued that UIA should not have been permitted to "misuse . . . Rule 67 to evade liability and entry of judgment for Cruz," thereby "depriving him of the opportunity to seek attorneys' fees." (First citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum Res., 532 U.S. 598, 602-03 (2001);

- 11 -

and then quoting Lutter v. JNESO, 86 F.4th 111, 135 (3d Cir. 2023) ("[W]here a live controversy remains, a defendant who would otherwise be liable for attorney's fees should not be able to wiggle out on the basis of a spurious claim of mootness.").) Though admittedly limited, this argument is sufficient to avoid a finding of waiver. See United States v. Dunbar, 553 F.3d 48, 63 n.4 (1st Cir. 2009) (deeming argument not waived where the appellant identified relevant facts and cited case law in support of his position).

Nonetheless, the District Court did not address the prevailing party issue below or how it might bear on the mootness issue. Accordingly, we remand to the District Court for consideration of this ground for challenging its dismissal of the claims based on their being moot, insofar as it determines that any such basis for challenging the dismissal has not been waived.

**III.**

In accordance with the foregoing, we **remand** for further proceedings not inconsistent with this opinion, while retaining jurisdiction over the appeal.