**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12752

Non-Argument Calendar

_____

CARLOS A. ALONSO CANO,
  as next friend of his minor daughter
  Jany Leidy Alonso Morejon,
FE MOREJON FERNANDEZ,

                                            *Plaintiffs-Appellants,*

ANGIE A. MOREJON,
KATY A. MOREJON,

                                            *Plaintiffs,*

JANY L. ALONSO,

                                            *Interested Party-Appellant,*

*versus*

245 C&C, LLC,
CFH GROUP, LLC,

                                            *Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21826-JAL

———————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Carlos Alonso Cano, his wife, Fe Morejon Fernandez, and their daughter, Jany Alonso Morejon (collectively, Appellants),[1] appeal the district court's order granting their trial counsel's, Michael Dunlavy, motion to withdraw from representing them on appeal.  In response, Defendants-Appellees 245 C&C, LLC and CFH Group, LLC contend that Appellants lack standing to bring this claim, and alternatively, that the issue is meritless.  We conclude that Appellants do have standing but nevertheless affirm the district court's order.

We review de novo questions of appellate standing.  *Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1258 (11th Cir. 2023) (per curiam).  "To establish appellate standing, a litigant must prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision."  *Id.* at 1259.  In the appellate standing context, "the primary meaning of the injury requirement is adverseness: Only a litigant who is aggrieved by the

———————————————

[1] Angie Morejon and Katy Morejon, while plaintiffs below, are not parties in the present appeal.

judgment or order may appeal." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (quotation marks omitted). A party appealing an adverse judgment against them "is enough to establish appellate standing." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1234 (11th Cir. 2020). Insofar as redressability, the party must show that "a favorable decision from this Court would redress [their] alleged injury." *Rivers v. Guerrero*, 605 U.S. 443, 451 (2025).

We review a district court's decision to allow an attorney to withdraw from representing a party for an abuse of discretion. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). A district court abuses its discretion when it "applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings of fact that are clearly erroneous." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023). Under Florida Bar Rule 4-1.16, an attorney must withdraw from representing a client if representing the client "will result in violation of the Rules of Professional Conduct or law." R. Regulating Fla. Bar 4-1.16(a)(1).

Here, Appellants have standing to challenge the district court's order, which was averse to them and may be redressed by a favorable decision from this court. But there is no evidence in the record showing that the district court applied an incorrect legal standard, failed to follow appropriate procedures, or made a clearly erroneous finding of fact. In his motion to withdraw, Dunlavy contended that continuing to represent Appellants would result in a violation of the Rules of Professional Conduct or law, which

4                      Opinion of the Court                    24-12752

requires Dunlavy to withdraw his representation under Florida rules.[2] Further, Dunlavy's withdrawal did not materially and adversely affect Appellants' case; Appellants timely filed their pro se notices of appeal and successfully filed briefs and motions before this court.

Thus, the district court did not abuse its discretion in allowing Dunlavy to withdraw from appellate representation.

**AFFIRMED.**

---

[2] Dunlavy also contended multiple reasons that are all valid for permissive withdrawal under Florida rules, including that Appellants took actions he considered imprudent and failed to substantially fulfill their obligations to him after being given a reasonable warning, and if Dunlavy continued to represent Appellants, it would place a significant financial burden on him. *See* R. Regulating Fla. Bar 4-1.16(b)(1)-(4).